**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**MALIBU MEDIA, LLC,**

        **Plaintiff,**

v.                                                          **1:19-CV-963 (NAM/ML)**

**THOMAS CAUSA,**

        **Defendant.**

---

**APPEARANCES:**

Kevin T. Conway, Esq.
80 Red Schoolhouse Rd., Suite 110
Spring Valley, NY 10977
*Attorney for Plaintiff*

**Hon. Norman A. Mordue, Senior United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Malibu Media, LLC ("Malibu Media") brings this action against Defendant Thomas Causa ("Defendant") alleging direct copyright infringement under the United States Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act"). (Dkt. Nos. 1, 13). Malibu Media now moves for default judgment under Fed. R. Civ. P. 55. (Dkt. No. 26). Defendant has not filed an answer in this case, nor has he filed a response to Malibu Media's motion for default judgment. For the reasons that follow, Malibu Media's motion is denied.

### II. BACKGROUND[1]

Malibu Media, an entertainment company that produces pornographic movies, initiated this copyright infringement action alleging that Defendant unlawfully downloaded and

---

[1] The facts are taken from Plaintiff's Amended Complaint (Dkt. No. 13) and are assumed to be true for the purposes of this decision. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

distributed its copyrighted adult films using BitTorrent, a "peer-to-peer file sharing system[] used for distributing large amounts of data, including . . . digital movie files." (*See* Dkt. No. 13, ¶¶ 8–16). Specifically, Malibu Media alleges that Defendant "is a habitual and persistent BitTorrent user and copyright infringer," who is responsible for illegally downloading, copying and distributing eleven of Malibu Media's copyrighted adult films between November 2018 and July 2019. (*Id.*, ¶¶ 17–25; *see also* Dkt. No. 13-1). Malibu Media claims that it detected Defendant's alleged illegal activity through its "consulting expert," who "established a direct [Transmission Control Protocol ("TCP")/Internet Protocol ("IP")] connection with the Defendant who was using the Subject IP Address . . . ." (*Id.*, ¶ 17). Malibu Media alleges that its consulting expert "downloaded from Defendant one or more pieces of each of the digital media files" identified in the Amended Complaint, which "correlate[] to a copyrighted film owned by Plaintiff." (*Id.*, ¶¶ 18–19). Malibu Media claims that Defendant's downloading and sharing of its copyrighted movies violated the Copyright Act. (*Id.*, ¶¶ 28–33).

The Court granted Malibu Media's motion to serve a third-party subpoena prior to a Rule 26(f) conference so it could identify the individual internet subscriber associated with the IP address cited in the initial complaint. (*See* Dkt. No. 6). Malibu Media later amended the complaint to identify Defendant as the alleged infringer, (*see* Dkt. No. 13), and Plaintiff served him with a Summons and the Amended Complaint on June 30, 2020. (Dkt. No. 22). The Clerk entered a Certificate of Default on July 27, 2020. (Dkt. No. 24).

### III. LEGAL STANDARD

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestly v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a), the plaintiff must obtain a clerk's entry of default. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to

plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *see also* L.R. 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment . . . is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded"). Second, under Rule 55(b), the plaintiff must then "apply to the court for entry of a default judgment." *Priestly*, 647 F.3d at 505; *see also* Local Rule 55.2(b) ("A party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of default . . . a proposed form of default judgment, and a copy of the pleading to which no response has been made.").

Once a defendant is found to be in default, "the court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015). The reviewing court retains the discretion to determine whether an order for default judgment is appropriate. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). And given the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." *Id.* at 95–96. Therefore, before a default judgment may be entered, the reviewing court must determine whether, based on the complaint's well-pleaded allegations, the complaint states a claim upon which relief can be granted. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (stating that "a district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action"). In making this determination,

3

courts subject the plaintiff's factual allegations to the pleading standard for a motion to dismiss under Rule 12(b)(6). *See Priestley*, 647 F.3d at 506 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plaintiff bears the burden of demonstrating that the unchallenged allegations and all reasonable inferences drawn therefrom establish the defendant's liability. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011).

## IV. DISCUSSION

"To state a claim for copyright infringement, a plaintiff must allege 'both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant.'" *Spinelli v. NFL*, 903 F.3d 185, 197 (2d Cir. 2018) (quoting *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 109 (2d Cir. 2001)).

Here, Malibu Media argues that entry of default judgment in its favor is appropriate because its allegations are "sufficient to support its claims of copyright infringement." (Dkt. No. 26-5, p. 3). Malibu Media contends that the Amended Complaint establishes that it owned a valid copyright for adult films, and that Defendant directly infringed upon its copyright by downloading and sharing the films. (*Id.*, pp. 4–9). Malibu Media claims that Defendant's alleged copyright infringement entitles it to injunctive relief, statutory damages, as well as costs and attorney's fees. (*Id.*, pp. 9–16).

After careful review, the Court concludes that Malibu Media's Amended Complaint fails to state a plausible claim against Defendant because the only allegation that connects him to the infringing activity is that he is the internet subscriber associated with the IP address which was used to download and share Plaintiff's copyrighted films.

In so finding, the Court agrees with the Ninth Circuit's reasoning in *Cobbler Nevada LLC v. Gonzales*, 901 F.3d 1142, 1145 (9th Cir. 2018) ("*Cobbler Nevada*"), which held that a defendant's "status as the registered subscriber of an infringing IP address, standing alone,

4

does not create a reasonable inference that he is also the infringer." *Id.* at 1145.  In that case, a copyright holder brought suit against an internet subscriber linked to an IP address that had allegedly downloaded one of the copyright holder's films without authorization. *Id.* The court found that those facts presented "a situation 'where a complaint pleads facts that are merely consistent with a defendant's liability, stopping short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1147 (quoting *Iqbal*, 556 U.S. at 678).  The court explained that:

> Although copyright owners can often trace infringement of copyrighted material to an IP address, it is not always easy to pinpoint the particular individual or device engaged in the infringement.  Internet providers, such as Comcast or AT&T, can go so far as to identify the individual who is registered to a particular IP address (i.e., an account holder) and the physical address associated with the account, but that connection does not mean that the internet subscriber is also the infringer. The reasons are obvious—simply establishing an account does not mean the subscriber is even accessing the internet, and multiple devices can access the internet under the same IP address.

*Id.* at 1146.

Ultimately, Malibu Media's infringement allegation rests on the assumption that Defendant was the infringer simply because he is the registered internet subscriber of the IP address which allegedly downloaded and shared copyrighted materials.  (*See generally* Dkt. No. 13).  Therefore, this case presents precisely the same scenario as *Cobbler Nevada*, where the plaintiff only named the defendant based on their status as the internet subscriber, and otherwise failed to allege any other facts that could plausibly link the defendant to the actual infringement. *See Cobbler Nevada*, 901 F.3d at 1146.  Thus, even assuming that Defendant established an internet account with an IP address which was used to download and share Malibu Media's copyrighted materials, that connection is simply not enough to plausibly infer that he was the infringer.  As the *Cobbler Nevada* decision recognized, there are any number of possibilities for who could be using an IP address and how often, particularly with the

5

profusion of mobile devices today, and depending on the living situation and the secured or unsecured nature of the network.

In sum, Malibu Media's claim rests solely on the unfounded assumption that Defendant *must be* the infringer because he is the internet subscriber. That theory is simply too tenuous to establish liability, especially where the Amended Complaint does not allege any direct investigation of Defendant himself, nor does it allege that Defendant "acknowledged personal involvement in any download or distribution, that Defendant had exclusive access to the alleged infringing IP address, or any circumstances which might increase the likelihood that the subscriber is the infringer (such as defendant's living arrangements or network details)." *See Malibu Media, LLC v. Duncan*, No. 19-CV-2314, 2020 WL 567105, at *6, 2020 U.S. Dist. LEXIS 20905, at *10–15 (S.D. Tex. Feb. 4, 2020) (holding that the defendant's mere status as the internet subscriber was insufficient to allege defendant's direct involvement in the illegal downloading); *cf. Malibu Media, LLC v. Doe*, No. 18-CV-450, 2019 WL 8301066, at *2, 2019 U.S. Dist. LEXIS 94433, at *3–6 (N.D. Ill. June 5, 2019) (finding that plaintiff's allegations were sufficient to state a claim where the amended complaint added factual allegations that the pattern of alleged illegal infringement took place for over two years, the defendant had a background in computer science, and he was the lone adult male at the residence during the period in question).

Therefore, without more facts tying Defendant directly to the alleged copyright infringement, Malibu Media's Amended Complaint does not state a sufficiently plausible claim. Accordingly, Defendant's motion for default judgment is denied. *See Malibu Media, LLC v. Doe*, No. 18-CV-1369, 2020 WL 4719219, 2020 U.S. Dist. LEXIS 145263 (D. Conn. Aug. 13, 2020) (denying default judgment and finding that infringer liability cannot be premised on a defendant's mere status as the internet subscriber); *cf. Malibu Media v. Doe*, No.

19-CV-950, 2020 WL 4569433, 2020 U.S. Dist. LEXIS 141388 (N.D.N.Y. Aug. 7, 2020) (granting the defendant's motion to dismiss where the plaintiff failed to assert sufficient factual allegations to state a plausible claim).[2]

## V. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 26) is **DENIED without prejudice**; and it is further

**ORDERED** that Plaintiff may further amend its pleading **within THIRTY (30) days of this Order**, in accordance with the conclusions stated above; and it is further

**ORDERED** that Plaintiff may renew its motion for default judgment thereafter; and it is further

**ORDERED** that the Clerk of the Court is directed to provide a copy of this Memorandum-Decision and Order to the parties in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

Dated: September 9, 2020
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge

---

[2] The Court declines to address Malibu Media's damage claims because it has failed to establish liability.